[Cite as *Deutsche Bank Natl. Trust Co. v. Green*, 2015-Ohio-3319.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FFH3, ASSET-BACKED CERTIFICATES, SERIES 2005-FFH3 | JUDGES: Hon. William B. Hoffman, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. |

   Plaintiff-Appellee

-vs-            Case No. 14 CA 00033

PAMELA GREEN, et al.

   Defendants-Appellants    O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 1400170 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 17, 2015 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendants-Appellants |
|---|---|
| JASON A. WHITACRE LAURA C. INFANTE 4500 Courthouse Blvd., Suite 400 Stow, Ohio 44224 | BRUCE BROYLES 5815 Market Street Suite 2 Boardman, Ohio 44512 |

*Wise, J.*

{¶1}   Appellants James and Pamela Green appeal the June 27, 2014, decision of the Licking County Court of Common Pleas denying their Motion to Intervene and Motion to Vacate Judgment Entry and Decree of Foreclosure.

{¶2}   Appellee is Deutsche Bank National Trust Company.

## STATEMENT OF THE FACTS AND CASE

{¶3}    This case began with a foreclosure action. Ronald W. Hill ("Hill") entered into a promissory note secured with a mortgage upon his real property commonly known as 304 Moss Street, New Straitsville, Ohio 43766 ("Real Estate").

{¶4}   Appellants James and Pamela Green maintain that on July 26, 2010, they entered into a land installment contract with Hill for the purchase of the subject real estate.

{¶5}   On January 12, 2012, Appellee Deutsche Bank National Trust Company, as Trustee for the Certficateholders of the First Franklin Mortgage Loan Trust 2005-FFH3 Asset-Backed Certificates, Series 2005-FFH3, ("Deutsche Bank") filed a Complaint in Foreclosure seeking judgment on the Note and foreclosure of the Mortgage. The Greens were not named as parties to the Foreclosure complaint.

{¶6}   In its Complaint, Appellee Deutsche Bank pled that it was due upon a certain promissory note, that the loan account of Hill had fallen into, and remained in, default, and that he had failed to cure that default, resulting in acceleration of the note and mortgage. Hill failed to respond to the Complaint or otherwise appear.  On March 15, 2012, Deutsche Bank filed its Motion for Default Judgment.

**{¶7}** On May 4, 2012, Default Judgment was granted. A sale date was scheduled for November 16, 2012.

**{¶8}** On October 23, 2012, Appellants filed a Motion to Stay the Sheriff's sale, claiming an interest through an unrecorded land contract with the borrower. The Motion was briefed and denied.

**{¶9}** On November 16, 2012, Appellee Deutsche Bank caused the property subject to the foreclosure to be sold. The sale was judicially confirmed on June 24, 2013.

**{¶10}** Appellant then moved to intervene in this matter and vacate the judgment entry and decree of foreclosure of May 4, 2012

**{¶11}** After the Sheriff's sale was conducted and the property sold to Deutsche Bank, the trial court issued an Order Staying the Confirmation of the Sale and requested Deutsche Bank provide a brief to the court as to why Appellants were not necessary parties to the foreclosure action based on a recently recorded land contract.

**{¶12}** On February 12, 2013, Appellee Deutsche Bank provided a brief in opposition to Appellants' Motion to Stay the Sheriff's Sale.

**{¶13}** On June 24, 2013, the trial court vacated its entry which had previously stayed the proceedings and confirmed the Sheriffs sale.

**{¶14}** On September 10, 2013, Appellants filed a Motion to Vacate the Decree of Foreclosure, Motion to Intervene, Motion to Stay Execution and an Affidavit of counsel.

**{¶15}** On June 27, 2014, after briefing of the Motions, the Court issued a denial of the Motions.

{¶16} Appellants appealed the trial court's refusal to allow them to intervene in the foreclosure action and denying their motion to vacate. By Opinion and Judgment Entry filed April 23, 2015, this Court affirmed the decisions of the trial court. *See Deutsche Bank Natl. Trust Co. v. Hill*, No. 14 CA 00021, 2015-Ohio-1575.

{¶17} On May 7, 2014, Deutsche Bank filed a Complaint for Forcible Entry and Detainer in the Perry County Common Pleas Court seeking an order of restitution of the premises.

{¶18} On June 30, 2014, a hearing on the forcible entry and detainer was held before a visiting Judge. At the hearing, the parties agreed to submit the following stipulations to the relevant facts rather than argue those on the record:

That the present Forcible Entry and Detainer action relates to real property commonly known as 304 Moss Street, New Straitsville, Ohio 43766 (the "Property");

That the Property was foreclosed upon and, in execution thereof, Plaintiff purchased the property at Sheriff's Sale;

That, prior to the filing of the foreclosure complaint, the Defendants began occupying the property, and they executed a document with the prior property owner that they consider to be a land contract;

That, the document referenced hereto was not recorded with the Perry County Recorder's Office prior to the filing of the foreclosure action;

That, consistent with the Protecting Tenants at Foreclosure Act ("PTFA"), Plaintiff caused to be served upon Defendants at the Property a 90 day notice to leave the premises;

That, consistent with Ohio law, subsequent to the expiration of the aforementioned 90 day notice, Plaintiff caused to be served a notice to vacate the Property;

That Defendants received both the 90 day and 3 day notices, and that there is no objection to the form and service of those notices and have paid no rent to Plaintiff, or to any other party for an extended period of time; and,

That Plaintiff does not intend to occupy the Property as its primary residence.

**{¶19}** On July 1, 2014, the trial court issued an Entry ordering the parties to file post-hearing briefs by July 15, 2014.

**{¶20}** On November 14, 2014, after the parties filed post-hearing briefs, the trial court issued judgment in favor of Deutsche Bank.

**{¶21}** Appellants now appeal, assigning the following of error for review:

## ASSIGNMENT OF ERROR

**{¶22}** "I. THE TRIAL COURT ERRED IN FINDING THAT PAMELA AND JAMES GREEN WERE IN DEFAULT AND GRANTING JUDGMENT IN FAVOR OF APPELLEE DEUTSCHE BANK NATIONAL TRUST COMPANY."

### I.

**{¶23}** In their sole Assignment of Error, Appellants claim the trial court erred in granting default judgment in this matter. We disagree.

**{¶24}** In the case *sub judice*, the trial court granted default judgment against Pamela and James Green. The November 17, 2014, judgment entry finds:

**{¶25}** "This was scheduled for Court on Monday, June 30th, 2014. The Court hereby finds that the defendants were served with their summons. The Court further finds that the defendant's were in default; that the averments of plaintiff's petition are true and that the plaintiff recovers from defendants on the action set forth in plaintiffs petition."

**{¶26}** Upon review of the record we find that Appellants have failed to file a transcript of the June 30, 3014, hearing. An appellant is required to provide a transcript for appellate review. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. *See*, *State v. Skaggs* (1978), 53 Ohio St.2d 162, 163, 372 N.E.2d 1355. This principle is embodied in App.R. 9(B), which states in relevant part:

**{¶27}** "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B); *see, also, Streetsboro v. Hughes* (July 31, 1987), 11th Dist. No. 1741, 1987 Ohio App. LEXIS 8109, at 2.

**{¶28}** Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the

validity of the lower court's proceedings. *State v. Ridgway* (Feb. 1, 1999), 5th Dist. No. 1998CA00147, 1999 Ohio App. LEXIS 766, at 3, citing *Knapp*, *supra*. Under the circumstances, a transcript of the proceedings is necessary for a complete review of the error assigned in Appellants' brief.

{¶29} As Appellants have failed to provide this Court with a transcript, we must presume regularity of the proceedings below and affirm.

{¶30} Appellants' sole Assignment of Error is denied.

{¶31} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs separately.

JWW/d 0803

*Hoffman, P.J., concurring*

{¶32} I concur in the majority's disposition of Appellants' sole assignment of error, but do so for a different reason.

{¶33} I do not find the argument Appellants present to this Court requires production of the transcript; therefore, I would not rely on *Knapp* as the basis for affirming the trial court's decision.

{¶34} Appellants' argument is premised upon their assumption the trial court found them "in default of answer" (see page 2 of Appellants' brief). Appellants maintain no formal written answer was required under R.C. 1923.051(B). If true, I find a transcript would be unnecessary to determine the appeal as the claimed error would be demonstrated in the record.

{¶35} However, I find Appellants misinterpret the trial court's ruling. While the trial court found Appellants were "in default", the trial court did not find they were "in default of answer". When read in conjunction with the parties' stipulation Appellants paid no rent to Appellee, or to any other party for an extended period of time, I conclude the trial court's use of the term "in default" meant default of payment, not default of answer.

{¶36} As such, I concur in the decision to affirm the trial court's judgment.